IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Adam Stephen Wicker, | ) | Criminal No. 4:09-cr-00846 |
| | ) | |
| Petitioner, | ) | **O R D E R** |
| | ) | |
| vs. | ) | |
| | ) | |
| United States Attorney and | ) | |
| The United States Marshal, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

On August 25, 2011, the petitioner filed, though counsel, a Petition for Writ of Habeas Corpus, requesting an order of this Court requiring the United States Marshals to retrieve Mr. Wicker for service of his federal sentence. On September 19, 2011, the government filed a Response to the petition indicating that the state of West Virginia has not notified the United States that the defendant is available to serve his federal sentence. On October 3, 2011, this Court issued an order finding that it lacks jurisdiction over the warden in the state of West Virginia where the petitioner is currently being held. A more complete procedural history is set forth in this Court's previous orders in this matter.

The case is now before the Court on Motion to Alter or Amend (Docket Entry 136) filed by the petitioner, Adam Stephen Wicker. In this motion, the petitioner requests the Court to reconsider its order on the basis of new evidence from the sentencing judge in West Virginia and the prosecuting attorney. The government filed a Response asserting that the motion should be denied on the basis that the Court's previous ruling that it lacks jurisdiction was correct. This Court reviewed the matter further and issued an order on November 23, 2011. In this order, the Court indicated that it was troubled by the situation presented, in which the petitioner will apparently serve double the time intended by the

state court judge. The undersigned directed the parties to review a definitive article by the Regional Counsel of the federal Bureau of Prisons and to report back to the Court.

The parties have each reported back to the Court and have indicated that they have not been able to resolve the issues. Therefore, the Court must rule on the motion before it.

At the outset, the Court reiterates the ruling in its first order that it lacks jurisdiction over the custodian of the petitioner, who is a warden in the state of West Virginia. *See United States v. Little*, 392 F.3d 671 (4th Cir. 2004).

Moreover, even if this Court somehow had jurisdiction over the matter, the state of West Virginia has primary jurisdiction[1] over the petitioner and is responsible for the custody of the petitioner until it relinquishes primary jurisdiction. The petitioner contends that the United States has primary jurisdiction over the petitioner because it arrested the defendant first and allegedly never formally relinquished its jurisdiction over him. However, although the federal government did not dismiss its charges, it released the petitioner on bond. The release on bond constitutes a release of primary jurisdiction. *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005)("Primary jurisdiction continues until the first sovereign relinquishes its priority in some way. Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: (1) release on bail, (2) dismissal of charges, (3) parole, or (4) expiration of sentence."). *Sanders v. Federal Bureau of Prisons*, 2009 WL 1917093 (W.D. Va. 2009); *Thomas v. Deboo*, 2010 WL 1440465 (N.D.W.Va. 2010); *Cannon v.* Deboo, 2009 WL 692148 (N.D.W.Va. 2009); *Brown v. United States*, 2009 WL 6962529 (S.D.W.Va. 2009); *Papadapoulos v. Johns*, 2011 WL 1104136 (E.D.N.C. 2011); *Robinson v. Owens*, 2008 WL 783782 (D.S.C. 2008); *Graham v. Virginia Supreme Courts*, 2011 WL 2838181 (E.D. Va. 2011). *See also,*

---

[1] The term "primary jurisdiction" refers to the priority of custody and service of sentence between state and federal sovereigns.

*Taylor v. Reno*, 164 F.3d 440 (9th Cir. 1998); *Roche v. Sizer*, 675 F.2d 507 (2nd Cir. 1982). Loaning an inmate through a writ of habeas corpus *ad prosequendum* to another sovereign does not relinquish a sovereign's primary jurisdiction. *United States v. Evans*, 159 F.3d 908, 911-12 (4th Cir. 1998), citing *Thomas v. Whalen*, 962 F.2d 358, 361 n. 3 (4th Cir. 1992).

In the case at bar, the federal government relinquished primary jurisdiction over the petitioner when it released him on bond. Therefore, the state of West Virginia obtained primary jurisdiction over him when it arrested him for commission of a crime in that state. The state of West Virginia did not relinquish primary jurisdiction over him by loaning him to the federal government for the federal sentencing proceedings. Therefore, the petitioner should pursue his arguments with the appropriate court in West Virginia. The motion to alter or amend is denied.

**AND IT IS SO ORDERED**.

| | |
|---|---|
| December 15, 2011 | s/ R. Bryan Harwell |
| Florence, SC | R. Bryan Harwell |
| | United States District Judge |